**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **KIRSTEN RANDALL,** )<br><br>    **Plaintiff,** )<br><br>        **v.** )<br><br>**WALMART,** )<br><br>    **Defendant.** )<br>_____ ) | **CIVIL ACTION NO. 5:26-CV-57 (MTT)** |

## <u>ORDER</u>

On February 11, 2026, Kirsten Randall, proceeding pro se, filed this action

against Walmart, her former employer. ECF 1. That same day, she filed a motion to

proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Randall's motion to

proceed IFP (ECF 2) is **GRANTED**. But Randall's complaint lacks important factual

allegations that she may have omitted because of her pro se status. Thus, the Court

**ORDERS** Randall to amend her complaint by **March 5, 2026**.

## I. DISCUSSION

### A.  Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding, civil or criminal, or
> appeal therein, without prepayment of fees or security therefor, by a person
> who submits an affidavit that includes a statement of all assets such
> prisoner possesses that the person is unable to pay such fees or give
> security therefor.[1]

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether [s]he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Court has reviewed Randall's IFP affidavit. Randall's affidavit establishes that she cannot pay the court fees without undue hardship. ECF 2. Thus, Randall's motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Randall is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Randall asserts claims against Walmart for wrongful termination, sex discrimination, and harassment under Title VII of the Civil Rights Act of 1964. ECF 1 at 4; 1-1 at 1. Randall alleges that from September 2025 to December 2025, she "endured harassment verbally and physically." *Id.* According to Randall, she reported each incident of harassment to her supervisor, and "started being retaliated against." *Id.* Randall alleges that she was later terminated "for no just cause." *Id.* at 4. Randall's three-sentence factual allegations are thin and largely conclusory. Randall fails to allege how she was harassed, who harassed her, to whom she reported the harassment, and how her supervisors' actions constituted sex discrimination. While Randall has included statements from herself and other employers regarding her supervisors' actions as exhibits to her complaint, the statements express concerns about "disrespectful and condescending" behavior and "favoritism," not discrimination based on sex. ECF 1-4 at 5; 1-3 at 2; *see Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII."). Thus, Randall has failed to state a claim for sex discrimination under Title VII.

However, given Randall's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend [her] complaint instead of dismissing it.").

Accordingly, Randall is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Randall shall have until **March 5, 2026** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Randall must link any claims she makes to a named defendant. If Randall fails to link a named defendant to a claim, the claim will be dismissed; if Randall makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Randall must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Randall list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Randall injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Randall's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Randall may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811

-5-

F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## C. Fed. R. Civ. P. 11 Obligations

The Court informs Randall of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Randall's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## D. Artificial Intelligence

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Randall in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Randall's amended complaint, Randall shall include a signed statement fully disclosing the use of AI to assist in the**

-7-

**preparation of and drafting of the pleading. The statement shall also certify that Randall has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Randall's motion to proceed IFP (ECF 2) is **GRANTED**, and Randall is **ORDERED** to amend her complaint no later than **March 5, 2026**.

**SO ORDERED**, this 19th day of February, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT