**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| KIRSTEN RANDALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION NO. 5:26-cv-57 (MTT) |
| | ) | |
| WALMART, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

On February 19, 2026, the Court granted Plaintiff Kirsten Randall's motion to

proceed *in forma pauperis* ("IFP") and ordered her to recast her complaint to address

deficiencies. ECF 4. Randall has since filed an amended complaint, and because she is

proceeding IFP, the Court must screen and dismiss her complaint if: (1) it is frivolous or

malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning

that it appears "from the face of the complaint that the factual allegations are 'clearly

baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984

F.2d 392, 393 (11th Cir. 1993) (internal citation omitted). "A dismissal under §

1915(e)(2)(B)(ii) is governed by the same standard as a dismissal pursuant to Federal

Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Because Randall is proceeding pro se, her pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## I. BACKGROUND

During the relevant period, Randall was employed at Walmart. ECF 5 at 1. According to Randall, beginning in August 2025, Coach[2] Andricka Dudley began spreading rumors about Randall to other employees in the store. *Id.* Randall asked Dudley to stop, but Randall alleges that Dudley continued to spread rumors. *Id.* Randall also alleges that Dudley made remarks about her attire. *Id.* at 1. According to Randall, Dudley's actions made her uncomfortable and made the work environment "difficult." *Id.*

Randall ultimately reported Dudley using Walmart's ethics phone number. *Id.* Randall alleges that once she began making reports, Dudley and her manager, Demetree Turner, began retaliating. *Id.* at 1-2. According to Randall, Turner altered Randall's work schedule to make her close every day. *Id.* at 2. Randall also alleges that on November 3, 2025, Dudley bumped Randall as she was walking past her. *Id.* Randall again reported the alleged harassment, this time to ethics, to Turner, and to another manager. *Id.*

---

light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

[2] Randall uses the terms "manager" and "coach" interchangeably, so it appears that Coach Dudley held some supervisory authority over Randall. ECF 5 at 1-2.

On December 9, 2025, Randall was terminated from Walmart. *Id.* Walmart's stated reason for termination was Randall's failure to report an arrest within three days. *Id.* Randall alleges she did timely report her arrest. *Id.* Randall attempted to file a complaint the next day, but she alleges the store manager would not allow her to speak. *Id.*

Randall filed a complaint with the Equal Employment Opportunity Commission on January 14, 2026, and was given notice of her right to sue on January 20, 2026. *Id.* at 3. On February 11, 2026, Randall filed her complaint. ECF 1. Randall asserts two claims against Walmart: (1) sex discrimination under Title VII, and (2) retaliation under Title VII.

## II. DISCUSSION

### A. Discrimination

First, Randall asserts that Turner treated male employees differently than her, which constitutes sex-based discrimination under Title VII.[3] ECF 5 at 4. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). To establish a prima facie case of discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job or benefit at issue; and (4) the employer treated similarly situated employees who were not members of the plaintiff's class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc). While Randall is not required to specifically plead the elements of a prima facie

---

[3] Randall does not appear to claim that Dudley's actions constituted sex discrimination under Title VII. ECF 5 at 4. But to the extent she does, any sex discrimination claim fails because, as discussed below, Randall does not allege any facts that suggest Dudley's actions constituted intentional sex-based discrimination.

case, she must allege facts that plausibly suggest intentional discrimination. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Here, Randall has not plausibly alleged that she was harassed or otherwise subject to an adverse action because of her sex. The only allegation that suggests Turner's actions were based on Randall's gender is her conclusory allegation that Turner "treated male employees differently than how her actions were toward me." ECF 5 at 4. That allegation, without more, is insufficient to plausibly suggest that Turner's actions constituted intentional discrimination based on sex. *See Scribner v. Collier Cnty.*, 2012 U.S. Dist LEXIS 42425, at *3 (M.D. Fla. Mar. 28, 2012) ("[M]erely alleging you are treated differently than similarly situated employees solely because of gender is not alone sufficient to satisfy Fed. R. Civ. P. 8(a)."). To be sure, Randall alleges that she was treated poorly by her managers. But Title VII "[d]oes not prohibit harassment alone, however severe and pervasive. Instead, Title VII prohibits discrimination, including harassment, that discriminates based on a protected category such as sex." *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1302 (11th Cir. 2007). Randall alleges no facts that plausibly suggest Turner discriminated against Randall based on her sex. Randall has, therefore, failed to state a claim under Title VII.

Randall's Title VII sex discrimination claim is **DISMISSED without prejudice**.

## B. Retaliation Claim

Next, Randall asserts a retaliation claim based on Dudley and Turner's responses to her ethics complaints. ECF 5 at 4. "Title VII's anti-retaliation provision forbids employer actions that 'discriminate against' an employee … because [s]he 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or

participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59-60 (2006) (quoting 42 U.S.C. § 20000e-3(a)). "[T]he term 'discriminate against' refers to differences in treatment that injure protected individuals." *Id.* To establish a prima facie case of Title VII retaliation, the employee must prove "that she engaged in statutorily protected conduct; she suffered an adverse employment action; and a causal relation exists between the two events." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023). Again, these are not pleading requirements, but Randall must plausibly allege that her protected activity caused an adverse employment action. *Jackson*, 372 F.3d at 1270. Protected activity includes an employee's opposition to an employment practice made unlawful by Title VII. *E.E.O.C. v. Total System Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (quoting 42 U.S.C. § 2000e-3).

Randall has failed to state a retaliation claim because she has not plausibly alleged that she opposed an unlawful employment activity under Title VII. *See Vincent v. Jefferson Cnty. Bd. of Educ.,* 152 F.4th 1339, 1353 (11th Cir. 2025) (finding that a plaintiff's report against a co-worker was not protected activity because she did not report "an employment practice that was unlawful under Title VII"); *Coutu v. Martin Cnty. Bd. of Educ.,* 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, is not an unlawful employment practice under Title VII."). As stated, Randall has not plausibly alleged that her supervisors engaged in sex-based discrimination. It necessarily follows that Randall has not plausibly alleged that her ethics reports against Dudley and Turner opposed "an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3. Moreover, to the extent Randall's retaliation claims

-6-

are based on her termination, Randall does not allege who terminated her or whether that individual knew about Randall's previous interactions with, and complaints about, Dudley and Turner. Accordingly, Randall has failed to state a claim under Title VII.

Randall's Title VII retaliation claim is **DISMISSED without prejudice**.

### III. CONCLUSION

Because Randall fails to state a claim, her complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 29th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT