**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **KIRSTEN RANDALL,** )<br><br>    **Plaintiff,** )<br><br>    **v.** )<br><br>**WALMART,** )<br><br>    **Defendant.** ) | **CIVIL ACTION NO. 5:26-CV-57 (MTT)** |

## ORDER

Nearly two months after the entry of judgment, Plaintiff Kirsten Randall moves the Court for reconsideration of its Order (ECF 6) dismissing her complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)'s screening provisions.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

First, Local Rule 7.6 provides, "motions for reconsideration shall be filed within fourteen (14) days after entry of the order." M.D. Ga. L.R. 7.6. Randall's motion was filed 54 days after the Court's Order and the entry of judgment and, thus, may be denied as untimely.

Second, Randall's motion for reconsideration does not identify an intervening change in the law or new evidence, and she does not assign error to the Court's conclusions. ECF 8 at 1. Rather, she states that "egregious behavior in the workplace should not be tolerated," and that she has been subject to harassment, discrimination, and wrongful termination. *Id.* However, as the Court concluded in its order dismissing her complaint, she has not plausibly alleged that the harassment, discrimination, and wrongful termination she endured were based on her sex or any other trait protected by Title VII. *See Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1302 (11th Cir. 2007) (Explaining that Title VII "does not prohibit harassment alone, however severe and pervasive. Instead, Title VII prohibits discrimination, including harassment, that discriminates based on a protected category such as sex."). Accordingly, the Court did not make a clear error when it dismissed her complaint for failure to state a claim.

Because Randall has failed to show that the Court made a clear error in its Order dismissing her complaint (ECF 6), her motion for reconsideration (ECF 8) is **DENIED**.

**SO ORDERED**, this 17th day of July, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-2-