**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KIRSTEN RANDALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO. 5:26-cv-57 (MTT)** |
| **WALMART,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Plaintiff Kirsten Randall moves to appeal *in forma pauperis* ("IFP"). ECF 10. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.

28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> …
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows … the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
>
> (2) …. If the district court denies the motion, it must state its reasons in

writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP. First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal. After a review of Randall's affidavit, the Court finds she is unable to pay the appellate filing fee. *See* ECF 10.

Next, the Court must determine if the appellant has satisfied the good faith requirement. "'[G]ood faith' … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The appellant demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is without arguable merit either in law or fact." *Rotte v. United States*, 2019 WL 11766213, at *1 (11th Cir. June 20, 2019) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Randall filed a complaint against her employer, Walmart, on February 11, 2026. ECF 1. The Court determined that Randall's complaint lacked factual allegations necessary to state a claim for relief. ECF 4 at 1. The Court ordered Randall to amend her complaint by March 5, 2026. ECF 4 at 7. On March 4, 2026, Randall submitted an amended complaint. ECF 5. On April 29, 2026, the Court dismissed Randall's complaint

without prejudice after finding that it still lacked key factual allegations. ECF 6. Randall moved for reconsideration 54 days after the Court's order and entry of judgment. ECF 6, 7. The Court denied Randall's motion for reconsideration on July 17, 2026. ECF 9.

First, Randall's appeal is untimely. She filed her notice of appeal on August 26, 2026, 40 days after the Court's order denying her untimely motion for reconsideration, and 119 days after the entry of judgment.[1] ECF 9, 10. Accordingly, her appeal cannot be taken in good faith.

Even if timely, her appeal would not satisfy the good faith requirement. In the Court's order dismissing her case (ECF 6), the Court explained that Title VII of the Civil Rights Act of 1964 prohibits discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). Randall failed to allege facts that plausibly suggested intentional discrimination on any such basis. Specifically, her conclusory statement that "Turner[] treated male employees different than …her" does not plausibly allege that she was terminated based on sex. ECF 5 at 4.

Nor did Randall plausibly allege a retaliation claim under Title VII. As the Court explained, Randall failed to plausibly allege that she opposed an employment activity unlawful under Title VII. ECF 6 at 5.

In the Court's order denying the motion for reconsideration, the Court highlighted specific deficiencies in Randall's motion and denied it. ECF 9. Not only was Randall's motion untimely, but she also failed to identify an intervening change in the law, new evidence, or even assign error to the Court's conclusions. *See Bingham v. Nelson*, 2010

[1] Local Rule 7.6 provides, "motions for reconsideration shall be filed within fourteen (14) days after entry of the order." M.D. Ga. L.R. 7.6. Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a "notice of appeal …must be filed with the district clerk within 30 days after entry of judgment or order appealed from."

WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).

In short, the Court's review of the issues addressed in those orders (ECF 6, 9) demonstrates that Randall's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Randall has raised no issues with arguable merit.

Consequently, Randall's application to appeal IFP (ECF 10) is **DENIED**. If Randall wishes to proceed with her appeal, she must pay the entire $605 appellate filing fee.

**SO ORDERED**, this 2nd day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT